UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONETTA LaBELLE BENOIT,<br><br>Plaintiff,<br><br>v.<br><br>PNC BANK; QUALITY LOAN SERVICE CORP.,<br><br>Defendants. | No. 2:19-cv-01063-MCE-DB<br><br>**ORDER** |

The Court has reviewed pro se Plaintiff's Amended <u>ex parte</u> Motion for Temporary Restraining Order ("Amended TRO") (ECF No. 6), which asks that this Court enjoin PNC Bank ("PNC") and Quality Loan Service Corporation ("QLS") (collectively, "Defendants") from commencing a June 28, 2019 trustee sale of the property located at 5 Bluegate Court, Sacramento, CA 95838 ("the Property"). Plaintiff previously filed an <u>ex parte</u> Motion for TRO on June 11, 2019 (ECF No. 3), seeking an order to prevent an earlier trustee sale of the Property that was scheduled to occur on that same day.

After considering Plaintiff's initial TRO, the Court noted that her request suffered from several procedural deficiencies. Despite these defects, the Court nonetheless recognized that foreclosure sale of one's home is a serious matter which required sufficient time to consider all relevant factors. As the Court had approximately one hour

1

to review the merits of the initial TRO before the June 11, 2019 trustee sale was scheduled to start, the Court showed leniency by granting the request and enjoining any sale of the Property for a period of seven days. ECF No. 4. Plaintiff was also ordered to file an amended TRO request that fully complied with this district's local rules. Id. Presently before the Court is Plaintiff's Amended TRO (ECF No. 6), and for the reasons set forth below, Plaintiff's request is DENIED.

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and a plaintiff has the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiff demonstrates the requisite likelihood of irreparable harm and shows that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

///

However, before reaching the merits of Plaintiff's Amended TRO, the Court must scrutinize the basis for its own jurisdiction. Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). It may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

Here, Plaintiff's Complaint asserts diversity of citizenship as a basis for federal jurisdiction. ECF No. 1 at 3. Diversity jurisdiction is proper when the amount in controversy exceeds $75,000, and where the matter is between the citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. Id.; Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). Plaintiff is a California resident, and while the Complaint alleges that PNC is an Ohio Corporation, it also states that QLS "is incorporated under the laws of California and has a principal place of business in California." ECF No. 1 at 7. Indeed, the California Secretary of State's webpage confirms that QLS is incorporated in California. As Plaintiff and Defendant QLS are both residents of California, complete diversity does not exist.

Turning to whether jurisdiction arises under federal law, a district court must determine whether a federal question exists on the face of the plaintiff's well-pleaded

complaint.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Here, Plaintiff's Complaint simply describes her claim as "unlawful foreclosure."  ECF No. 1-1.  Within her Amended TRO, Plaintiff contends that Defendants violated "Section 5(a) of the FTC Act by using unfair or deceptive acts or practices in or affecting commerce . . . ."  ECF No. 6 at 2.  However, review of Section 5(a) of the Federal Trade Commission Act, codified at 15 U.S.C. Section 45, reveals that it concerns antitrust liability and trade regulation, not home foreclosure.  See 15 U.S.C. § 45; see also Herrejon v. Ocwen Loan Servicing, LLC, 980 F. Supp. 2d 1186, 1201 (E.D. Cal. 2013) ("The complaint appears to claim that Defendants violated 15 U.S.C. § 45(a) . . . [however,] the complaint lacks facts to establish application of this statute to the property foreclosure, especially since the statute addresses antitrust and trade regulation.").  Accordingly, the Court finds that a federal question does not exist on the face of Plaintiff's Complaint.

Since there is no basis for federal jurisdiction, it would be improper to consider the merits of Plaintiff's Amended TRO Request.  Instead, the Court sua sponte DISMISSES this action without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.  Accordingly, Plaintiff's Amended TRO request (ECF No. 6) is DENIED as moot.  Plaintiff may, should she choose to do so, file a First Amended Complaint ("FAC") not later than twenty (20) days after the date this Order is electronically filed.  Failure to file a FAC within this time parameter will result in dismissal of this matter, without prejudice and without any further notice to the parties.

IT IS SO ORDERED.

Dated:  June 21, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE